[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14026
Non-Argument Calendar

_____

D. C. Docket No. 07-80067-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 19, 2008)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Ruben Perez was indicted for two counts of alien

smuggling for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii).  Pursuant

to a written plea agreement, Perez pleaded guilty to one count. The plea agreement informed Perez that he faced a mandatory minimum sentence of three years' imprisonment and a maximum sentence of ten years' imprisonment. It also notified him that the sentencing guidelines were advisory and the court could depart from the calculated guidelines range.[1]

Perez's sentencing guidelines was calculated to be 24 to 30 months' imprisonment. Because the statutory mandatory minimum was 36 months' imprisonment, however, the guidelines range became 36 months. 8 U.S.C. § 1324(a)(2)(B)(ii). Perez filed no objections to the calculations and at sentencing, the parties agreed that the guidelines calculations were correct. The court considered the sentencing factors in 18 U.S.C. § 3553(a), determined that the mandatory minimum was not sufficient, and imposed a variant sentence of 84 months' imprisonment, to which Perez objected. Perez now appeals, arguing that (1) the court was required to give notice under Fed. R. Crim. P. 32(h) and Burns v. United States, 501 U.S. 129 (1991), before imposing an upward variance, and (2) the sentence imposed was unreasonable.

**I. Notice**

---

[1] The agreement also included a waiver-of-appeal provision barring Perez from appealing his sentence unless the court imposed an upward departure. The government has indicated that it does not intend to invoke the waiver due to the district court's statements at sentencing that Perez had the right to appeal because the court imposed sentence above the guidelines.

Because Perez did not raise this issue below, review is for plain error. See United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006). "Under the plain error standard, [the appellant] must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

This court has held that upward variances do not require notice under either Rule 32(h) or Burns. United States v. Irizarry, 458 F.3d 1208, 1211 (11th Cir. 2006). The Supreme Court recently confirmed this interpretation of Rule 32(h). Irizzary v. United States, (No. 06-7517) (Jun. 12, 2008). Thus, Perez's argument that notice was required is without merit.

**II. Reasonableness**

We review the sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). As the Supreme Court recently explained, reasonableness review requires the court apply an abuse-of-discretion standard. Gall v. United States, --- U.S. ----, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). The Supreme Court has instructed that the court must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range,

3

treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Id., 128 S.Ct. at 597.

If the district court's decision is procedurally reasonable, we consider the substantive reasonableness of the sentence. See Gall, 128 S.Ct. at 597. "In reviewing the ultimate sentence imposed by the district court for reasonableness, [this court] consider[s] the final sentence, in its entirety, in light of the § 3553(a) factors."[2] United States v. Thomas, 446 F .3d 1348, 1351 (11th Cir. 2006); see also Gall, 128 S.Ct at 597. If the sentence is outside the guideline range, this court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 128 S.Ct. at 597. "[A] major departure should be supported by a more significant justification than a minor one." Id. "The fact that the

---

[2] The § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786 (summarizing 18 U.S.C. § 3553(a)).

4

appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788. However, "nothing in Booker[3] or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, an explicit acknowledgment that the district court has considered the defendant's arguments and the § 3553(a) factors is sufficient. Id. at 1329-1330.

Here, the parties do not dispute that the sentence is procedurally sound. Thus, Perez bears the burden of showing his sentence is substantively unreasonable.

Perez faced a mandatory minimum of 36 months' imprisonment, which corresponded with the guideline range. Although the upward variance to 84 months' imprisonment was more than double the mandatory minimum, it was still below the statutory maximum of 120 months' imprisonment. The court considered that Perez acted for financial gain and he transported 27 aliens on a boat without a

---

[3] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L . Ed.2d 621 (2005).

sufficient number of life jackets, creating a substantial risk of bodily harm. The court noted the seriousness of the crime, the importance of border security, and the need to deter future crimes. Simply because some of these factors were taken into account in the guidelines calculation does not bar the court from considering them again as part of the § 3553(a) factors.

Thus, the district court did not abuse its discretion because the sentence met the goals of punishment and deterrence, and considered the seriousness of the crime and the nature of the defendant. Even though the sentence amounted to a significant upward variance, the district court properly calculated the advisory guideline range, considered the relevant § 3553(a) factors, articulated its reasons in open court, considered Perez's arguments, and had a reasoned basis for its decision. See Gall, 128 S.Ct. at 597.

Finally, Perez's reliance on United States v. Valdes, 500 F.3d 1291 (11th Cir. 2007), is misplaced. Since the Valdes opinion issued, the Supreme Court has clarified that variances do not require extraordinary circumstances. Gall, 128 S.Ct at 595, 597. Thus, Valdes is not instructive.

Accordingly, for the foregoing reasons, we **AFFIRM** the sentence imposed.