[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11544
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00210-CR-7-LSC-HGD

UNITED STATES OF AMERICA,


                                                              Plaintiff-Appellee,


                                        versus


ANTOWAIN MCDAVID,
a.k.a. Pooky,


                                                              Defendant-Appellant.



_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 1, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Antowain McDavid appeals his 140-month sentence for possession with

intent to distribute five grams or more of a mixture and substance containing cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). On appeal, McDavid argues that his sentence, 20 months above the Guidelines range and statutory minimum, is substantively unreasonable. McDavid concedes procedural reasonableness.

We review the reasonableness of a sentence—"whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotation omitted). "[A] district court has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate."[1] United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009). "While a sentencing judge is not required to state on the record that it has explicitly considered each of the § 3553(a) factors," the judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Livesay,

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (summarizing 18 U.S.C. § 3553(a)).

525 F.3d at 1090 (quotation omitted). Accordingly, we will not vacate a sentence unless the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Shaw, 560 F.3d at 1238. A defendant bears the burden of showing that his sentence was unreasonable in light of both the record and the § 3553(a) factors. Talley, 431 F.3d at 788. McDavid has not carried this burden.

Because McDavid had committed a prior felony drug offense, his conviction under 21 U.S.C. § 841(a)(1) triggered a 120-month statutory mandatory minimum. See 21 U.S.C. § 841(b)(1)(B) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . ."). After concluding that the mandatory minimum replaced the applicable Guidelines range of 92-115 months and listening to McDavid's mitigation arguments, the district court stated that it was "greatly troubled by the defendant's repeated drug offenses" and that "by dealing drugs, [McDavid] is just going out and getting other people hooked on drugs." Therefore, due to McDavid's demonstrated recidivism, the district court concluded that his case was not "a minimum sentence case" and imposed a variant sentence 20-

months above the statutory mandatory minimum. McDavid argues that this was an abuse of discretion because his prior criminal history had already been considered in determining the applicable Guidelines range, which was 92-115 months based in part on his category VI criminal history classification, and in determining that the statutory mandatory minimum of 120 months, which applied due to his prior criminal history, became the Guideline sentence. We disagree.

First, McDavid had not one, but four, prior drug felony convictions. Therefore, McDavid's argument that the mandatory minimum already took into consideration his prior felony convictions is without merit. Although the mandatory minimum is premised on the existence of a prior drug felony conviction, it does not differentiate between those defendants who have only a single prior conviction and those who are chronic drug felony offenders. McDavid's four prior drug felony convictions demonstrated a level of recidivism not subsumed by the statutory mandatory minimum. Therefore, the district court properly considered his recividism in its evaluation of the § 3553(a) sentencing factors. See 18 U.S.C. § 3553(a)(1) (The court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant.").

Second, even if there was some overlap between the conduct triggering the application of the mandatory minimum and the district court's upward variance, we

have recognized that district courts may impose a variant sentence based on factors already considered in the Guidelines calculation. United States v. Amedeo, 487 F.3d 823, 833–34 (11th Cir. 2007) ("In our view, based on the extraordinary circumstances of this case, it was reasonable for the district court to rely on certain aspects of Amedeo's conduct, particularly his abuse of the attorney-client relationship, that it had already considered in imposing an enhancement."); United States v. Perez, No. 07-14026, 2008 WL 2446099, at *2 (11th Cir. June 19, 2008) ("Simply because some of these factors were taken into account in the guidelines calculation does not bar the court from considering them again as part of the § 3553(a) factors.").

Furthermore, McDavid's 140-month sentence, though 20-months above the guideline range and statutory minimum, still falls well below the statutory maximum, which was a life sentence. See 21 U.S.C. § 841(b)(1)(B). We have recognized that the fact that a sentence is below the statutory maximum sentence is an indication of its substantive reasonableness. See United States v. Valnor, 451 F.3d 744, 751–52 (11th Cir. 2006).

In sum, McDavid has failed to show that his 140-month sentence is substantively unreasonable under the totality of the circumstances and the § 3553(a) factors. The district court properly calculated the Guidelines range and the

application of the statutory mandatory minimum, listened to McDavid's mitigation arguments, and determined that a variant sentence was necessary to address McDavid's recidivism, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of this defendant. This was not an abuse of its discretion.

**AFFIRMED.**