[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————

No. 97-2787
Non-Argument Calendar

———————

D. C. Docket No. 96-183-Cr-ORL-18

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD CAPTRIC REID,
a.k.a. Bigum,

Defendant-Appellant.

———————

Appeal from the United States District Court
for the Middle District of Florida

———————

**(April 29, 1998)**

Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Appellant pled guilty in the district court to a multi-count indictment that charged him with narcotics and money laundering offenses. He appeals his sentences, contending (1) that the district court, in determining his offense levels under the Sentencing Guidelines, failed to apply the safety-valve provision of U.S.S.G. § 5C1.2, as required by U.S.S.G. § 2D1.1 (b) (6), and (2) that the court should have departed downward from the guideline range in imposing his sentences. He therefore asks that his sentences be vacated and the case remanded for resentencing. We begin with appellant's second point.

Appellant contends that he is entitled to a downward departure because the Immigration and Naturalization Service has notified him that he will be deported upon his release from prison, and a downward departure would save taxpayers' money. We do not review a district court's refusal to make a downward departure unless the court, in entertaining a defendant's request for a departure, indicates that it lacks the authority to depart. Nothing in this record indicates that the court thought that it lacked such authority; hence, appellant's second point is meritless.

Appellant's first issue, however, is another matter. The guidelines direct the district court to decrease a defendant's offense level by two levels if the offense level is greater than 26 and the defendant meets the criteria set forth in § 5C1.2. U.S.S.G. § 2D1.1 (b) (6). Section 5C1.2 applies if (1) the defendant does not have more than one "criminal history point," (2) "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense," (3) "the offense did not result in the death of or serious bodily injury to any person," (4) "the

2

defendant was not an organizer, leader, manager or supervisor of others in the offense, as determined under the sentencing guidelines[,] and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848," and (5) "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. . . . [T]he fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement."  The burden is on the defendant, of course, to establish these criteria.  United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997).

We cannot engage in meaningful appellate review of a sentence unless the district court sets out the facts underpinning the guidelines it applied in fashioning the defendant's sentence or the record plainly establishes such facts.  In deciding not to apply § 5C1.2 in this case, the district court, without hearing argument of counsel on the issue, stated only that it did "not feel the safety-valve applies in this case."   Other than this brief comment, nothing in the record tells us

why the court concluded that the appellant did not qualify for a § 5C1.2 reduction.  Furthermore, the evidence in the record does not clearly establish that he did not qualify.  For example, the appellant has but one criminal history point; there is no indication that he made threats of violence or used a firearm in committing the offenses (although a firearm was found during the search of appellant's apartment); there is no indication that anyone was injured as a result of the offenses; and the Government did not establish that appellant was a leader or organizer of the

3

criminal activity.   Finally, in acknowledging that appellant had provided information to the authorities, the court did not determine whether he provided all of the information that he possessed concerning the criminal activity.

In sum, the lack of findings -- explicit or implicit -- on these issues precludes meaningful appellate review of the safety-valve issue.  We therefore vacate appellant's sentences and remand the case for further proceedings not inconsistent herewith.

VACATED and REMANDED.