[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16683
Non-Argument Calendar
_____

D. C. Docket No. 04-20314-CR-WMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYDNEY SAMUEL HAMILTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 15, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Sydney Samuel Hamilton appeals the concurrent prison sentences of 60

months he received after a jury found him guilty of importing 500 grams or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(b)(2), and possessing with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841, (a)(1), (b)(1)(B). Hamilton challenges the district court's denial of safety-valve relief under U.S.S.G. § 5C1.2, 18 U.S.C. § 3553(f).

Hamilton contends that he meets the first four conditions of the safety-valve provision and that with regard to the fifth provision, the only condition in dispute, he submitted a truthful and complete written statement to the Government as a pre-sentencing document that was included as part of the record. He submits that (1) even though he admitted in his safety-valve statement that he thought the pistons he was carrying from Jamaica to the United States contained marijuana after he had argued at trial that he did not know any drugs were in the pistons, such was not deceptive; (2) both he and the agents contributed to the failure of a controlled delivery conducted after his arrest; and (3) no evidence was presented that any of his previous trips to the United States from Jamaica was for an illegal purpose, and no requirement exists that a defendant confess to uncharged, unrelated, criminal conduct to qualify for safety-valve relief.[1]

---

[1] In addition, Hamilton contends that the district court articulated no factual basis to disbelieve him aside from commenting that his prior trips between Jamaica and the United States seemed "kind of fishy;" and (2) Congress never intended that any mandatory minimum apply to a persons standing in his shoes, since he was acting as a mere courier of items that were packed

2

The problem we face in determining whether the district court committed clear error in denying Hamilton safety-valve relief is the lack of fact finding on the part of the district court. Even though Hamilton did not object to the district court's fact finding or lack thereof, we have held sua sponte that we "cannot engage in meaningful appellate review of a sentence unless the district court sets out the facts underpinning the guidelines it applied in fashioning the defendant's sentence or the record plainly establishes such facts." United States v. Reid, 139 F.3d 1367, 1368 (11th Cir. 1998) (vacating and remanding a district court's denial of safety-valve relief for further fact finding); see also United States v. Brownlee, 204 F.3d 1302, 1304-05 (11th Cir. 2000) (vacating and remanding because the district court never considered the factual question of whether the defendant's final proffer was complete and truthful); United States v. Espinosa, 172 F.3d 795, 796-97(11th Cir. 1999) (vacating and remanding because "[t]he district court erred in deferring to the government; the responsibility for determining the truthfulness of the information the defendant provided to the Government was the court's"). In Reid, we explained that:

for him in a suitcase, and was clearly not a kingpin or a middle level trafficker. Hamilton presented neither of these arguments to the district court; we therefore do not consider them. The Government argues in its brief that Hamilton's safety-valve statement is invalid because Hamilton failed to provide his statement to the "government" as opposed to the probation officer. The Government failed to present this argument to the district court; hence, we do not consider it.

In deciding not to apply § 5C1.2 in this case, the district court, without hearing argument of counsel on the issue, stated only that it did 'not feel the safety-valve applies in this case.' Other than this brief comment, nothing in the record tells us why the court concluded that the appellant did not qualify for a § 5C1.2 reduction. Furthermore, the evidence in the record does not clearly establish that he did not qualify. . . For example . . . in acknowledging that appellant had provided information to the authorities, the court did not determine whether he provided all of the information that he possessed concerning the criminal activity.

Id. In sum, "the lack of findings--explicit or implicit--on these issues precludes meaningful appellate review of the safety-valve issue." Id.

After imposing sentence, this is what the district court said about the safety-valve issue:

And incidentally, I haven't made a finding of fact yet. I find that the limit and application of statutory minimum sentencing under 5C1 point 2 of the guidelines, I find that the Defendant does not qualify because of the findings that I observed and that Counsel has made referenced to Section 5 applies. And I deny the eligibility of this section.

This statement does not provide us with a sufficient basis for reviewing the safety-valve issue Hamilton raises. We therefore vacate his sentences and remand the case for explicit findings on that issue.

VACATED and REMANDED, for further findings.

4