[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13135
Non-Argument Calendar

_____

D. C. Docket No. 06-00066-CR-1-RLV-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO MAGANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 22, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Julio Magana appeals the total sentence he received following his pleas of guilty to carjacking with the intent to cause death or serious bodily harm, in violation of 18 U.S.C. §§ 2119, 2 ("Counts One and Three"), and using a firearm during the course of a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 ("Count Two").

On appeal, Julio Magana argues that the court erred when it departed upward or otherwise imposed an unreasonable sentence of 120 months' imprisonment on Count Two, and that the record is insufficient for us to conduct meaningful appellate review of that sentence. Although Julio Magana agreed, when pleading guilty, to waive the right to appeal his sentence under certain circumstances, the government has indicated that it does not seek to enforce this provision as to Count Two, so we will consider Julio Magana's claim, in turn.

## I.

Pursuant to the Guidelines, a district court is required at the time of sentencing to state, in open court, the reasons for its imposition of the particular sentence and "the specific reason for the imposition of a sentence different from that described," if any. See 18 U.S.C. § 3553(a)(c)(2).

We have previously vacated a defendant's sentence and remanded for resentencing where the district court's lack of findings, either explicit or implicit,

2

precluded meaningful appellate review.  See United States v. Reid, 139 F.3d 1367, 1368 (11th Cir. 1998) (safety-valve relief).  We have also done this where we were unable to tell from the record whether the district court imposed an upward departure or variance, and "the record was insufficient to permit the affirmance of the sentence" under either scenario.  See United States v. Valdes, 500 F.3d 1291, 1292 & n.2 (11th Cir. 2007).

Recently, in Gall v. United States, 552 U.S. __, 128 S.Ct. 586 (2007), the Supreme Court noted that a district court, in imposing sentence, "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  Gall, 552 U.S. at __, 128 S.Ct. at 597 (citing Rita v. United States, 551 U.S. __, 127 S.Ct. 2456 (2007)).

Upon review of the record, and upon consideration of the briefs of the parties, we vacate Managa's sentence on Count Two and remand for resentencing.[1]

On this record, we are precluded from conducting meaningful appellate review of the sentence imposed on Count Two.  First, it is unclear from the record whether the district court even intended to deviate upward from Julio Magana's sentencing range on that count.  Pursuant to U.S.S.G. § 2K2.4(b), the guideline sentence for the count was the statutory mandatory minimum of 84-months'

---

[1] We do not review the court's sentences on Counts One and Three because no challenge was raised to them on appeal and because of the appeal waiver.

3

imprisonment. However, the district judge, in imposing the 120-month sentence on the count, asserted that "sentence[s] within the guideline range [are] sufficient to punish the defendant, protect the public, and [are] a deterrent to crime. And as the Supreme Court ruled this morning, [they are] sentence[s] within the guidelines; therefore, presumptively reasonable." Thus, the sentence imposed on Count Two appears to be inconsistent with the district court's expressed intentions as to sentencing.

The government attorney attempted to resolve the lack of clarity between the sentence imposed on Count Two and the court's subsequent statements by asking the court whether it was "departing upward . . . [ under the 18 U.S.C. §] 3553[a] factor[s]," but the district court further added to the uncertainty surrounding its actions when it merely stated "Yes" without any additional comment or explanation.

Second, to the extent that the district court intended to deviate upward, it is unclear whether the deviation was intended to be an upward variance or departure. Finally, the district court did not provide any findings – either explicit or implicit – to justify the upward deviation.

Thus, because we cannot conduct meaningful appellate review, we vacate Julio Magana's sentence on Count Two and remand for further proceedings with

4

instructions to identify whether the difference between the applicable sentencing range and the sentence imposed resulted from an upward departure or a variance, and to explain the reasoning behind that decision, consistent with Guidelines and 18 U.S.C. § 3553(a)(c)(2).

**VACATED AND REMANDED.**