[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13134
Non-Argument Calendar

_____

D. C. Docket No. 06-00066-CR-2-RLV-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO MAGANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 22, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Mario Magana appeals the total sentence he received following his pleas of guilty to carjacking with the intent to cause death or serious bodily harm, in violation of 18 U.S.C. §§ 2119, 2 ("Counts One and Three"), and using a firearm during the course of a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 ("Count Two"). On appeal, Mario Magana argues that the court erred when it departed upward or otherwise imposed an unreasonable sentence of 120 months' imprisonment on Count Two, and that the record is insufficient for us to conduct meaningful appellate review of that sentence. Although Mario Magana agreed, when pleading guilty, to waive the right to appeal his sentence under certain circumstances, the government has indicated that it does not seek to enforce this provision as to Count Two.

**I.**

Pursuant to the Guidelines, a district court is required at the time of sentencing to state, in open court, the reasons for its imposition of a particular sentence and "the specific reason for the imposition of a sentence different from that described," if any. See 18 U.S.C. § 3553(a)(c)(2).

We have previously vacated a defendant's sentence and remanded for resentencing where the district court's lack of findings, either explicit or implicit, precluded meaningful appellate review. See United States v. Reid, 139 F.3d 1367,

2

1368 (11th Cir. 1998) (in the context of safety-valve relief). We have also done this where we were unable to tell from the record whether the district court imposed an upward departure or variance, and "the record was insufficient to permit the affirmance of the sentence" under either scenario. See United States v. Valdes, 500 F.3d 1291, 1292 & n.2 (11th Cir. 2007).

Recently, in Gall v. United States, 552 U.S. __, 128 S.Ct. 586 (2007), the Supreme Court noted that a district court, in imposing sentence, "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at __, 128 S.Ct. at 597 (citing Rita v. United States, 551 U.S. __, 127 S.Ct. 2456 (2007)).

On this record, we are precluded from conducting meaningful appellate review of the sentence imposed on Count Two. First, it is unclear from the record whether the district court even intended to deviate upward from Mario Magana's sentencing range on Count Two. Pursuant to U.S.S.G. § 2K2.4(b), the guideline sentence for that count was the statutory mandatory minimum of 84-months' imprisonment (or 7 years). However, the district judge, in imposing the 120-month sentence (or 10 years) on the count, asserted, "I have sentenced within the guidelines and I believe it is a reasonable sentence." Thus, the sentence imposed on Count Two appears to be inconsistent with the district court's expressed

3

intentions as to sentencing.

The government attorney attempted to resolve the lack of clarity between the sentence imposed on Count Two and the court's subsequent statements by asking the court whether it was "departing upward under [U.S.S.G. §] 2K2.4 based on . . . [the §] 3553[a] factors," but the district court further added to the uncertainty surrounding its actions when it merely stated, "Yes, ma'am," without any additional comment or explanation.

Second, to the extent that the district court intended to deviate upward, it is unclear whether the deviation was intended to be an upward variance or departure. Finally, the district court did not provide any findings – either explicit or implicit – to justify the upward deviation.

Thus, because we cannot conduct meaningful appellate review, we vacate Mario Magana's sentence on Count Two and remand for further proceedings with instructions to identify whether the difference between the applicable sentencing range and the sentence imposed resulted from an upward departure or a variance, and to explain its reasons for that decision consistent with Guidelines and 18 U.S.C. § 3553(a)(c)(2).[1]  We also <u>sua sponte</u> direct the district court to review the order of dismissal of Count Four entered on June 25, 2007, and if that order

---

[1] We decline to vacate the entire sentence because of the appeal waiver and Mario Magana's failure to challenge the sentences imposed for Counts One and Three.

inadvertently reflects a co-defendant's name ("Julio Magana"), to correct the same.

**VACATED AND REMANDED.**