[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16174
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00369-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CATHERINE A. HICKLING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 2, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Catherine A. Hickling appeals her 30-month sentence imposed for wire

fraud. After a thorough review of the record, we affirm in part and vacate and

remand in part.

Hickling was charged with two counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A, in connection with a mortgage fraud scheme. She pleaded guilty to a single count of wire fraud.

The probation officer calculated the sentencing range as follows: Under U.S.S.G. § 2B1.1(a)(1), the base offense level was 7. There was a 6-level increase based on the amount of loss, § 2B1.1(b)(1)(D), and a 2-level increase because the offense involved sophisticated means, § 2B1.1(b)(9)(C). According to the record, Hickling used multiple false documents to carry out the scheme and moved to another city to avoid detection. With a 2-level reduction for acceptance of responsibility, the total offense level was 13. The probation officer determined Hickling's criminal history category to be III and noted that Hickling had pleaded guilty to state charges in connection with the mortgage fraud scheme and had been sentenced to three years' confinement. The probation officer's calculations yielded a guideline range of 18 to 24 months' imprisonment. The probation officer also noted that an upward departure may be warranted.

Hickling objected to the enhancement for sophisticated means and to any suggestion that her conduct warranted an upward departure.

2

At sentencing, Hickling requested the court adjust her sentence based on time served for the state court conviction that arose from the same scheme. The court overruled Hickling's sentencing objections and denied her request to adjust her sentence. The court then stated that, after considering the parties' arguments, the presentence investigation report, and the sentencing factors in 18 U.S.C. § 3553(a), it would depart upward in the criminal history category, to category IV, which raised the guideline range to 24 to 30 months' imprisonment. The court sentenced Hickling to 30 months' imprisonment, explaining that the egregious circumstances of the scheme warranted the departure and that the departure was one contemplated by the guidelines.

On appeal, Hickling argues that the district court erred by (1) departing upward from the sentencing guideline range and (2) denying her request to adjust her sentence for time that she served under a state court sentence for conduct related to the instant offense. We address each argument in turn.

I. Upward Departure

Hickling argues that the district court erred by departing upward because the court based the departure on conduct already contemplated by the guideline range. Hickling further argues that her case is not "outside the heartland of that already considered by the Sentencing Commission in developing the Guidelines."

"We review *de novo* the district court's interpretation of any part of the guidelines . . . but we review the extent of a departure only for abuse of discretion." *United States v. Crisp*, 454 F.3d 1285, 1288 (11th Cir. 2006). We have previously vacated a defendant's sentence and remanded for re-sentencing where the district court's lack of findings, either explicit or implicit, precluded meaningful appellate review. *United States v. Reid*, 139 F.3d 1367, 1368 (11th Cir. 1998).

"A sentencing court may depart from the applicable criminal history category if the court determines from reliable information that the defendant's criminal history is not adequately represented and that it is likely that the defendant will commit future crimes." *United States v. Huang*, 977 F.2d 540, 543 (11th Cir. 1992). Before the court may depart in this manner, it must state on the record how the defendant's criminal history compared with others classified in the criminal history category the district court intends to apply. *Id.* at 543-44. The failure to provide this explanation requires remand for resentencing. *Id.* at 544.

Here, both parties address the applicability of U.S.S.G. § 2B1.1, comment. (n.19) as the basis for the court's upward departure. A review of the record confirms, however, that the district court actually increased Hickling's criminal history category from III to IV (rather than her offense level under § 2B1.1) when it departed upward. But when the court increased Hickling's criminal history

category, it did not make any findings as to whether her criminal history was not adequately represented or if it was likely that she would commit future crimes. Accordingly, the district court's lack of findings preclude meaningful appellate review, and we vacate and remand for re-sentencing in this regard.

II. Adjustment for time served under state sentence

Hickling argues that the district court erred by refusing to adjust her present federal sentence to reflect the time she had already served under a state court sentence for related conduct.

We review the imposition of a consecutive sentence for an abuse-of-discretion. *United States v. Covington*, 565 F.3d 1336, 1346 (11th Cir. 2009). Under 18 U.S.C. § 3584(b), the district court may impose a concurrent or consecutive sentence, provided that the court has considered the factors set forth under § 3553(a).[1] *See* 18 U.S.C. § 3584(b); *see also Covington*, 565 F.3d at 1346-47. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d

---

[1] These factors include: (1) the applicable Guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the kinds of sentences available. *See* 18 U.S.C. § 3553(a)(1)-(6).

823, 832 (11th Cir. 2007) (quotations and alterations omitted)

Under § 5G1.3(b)(1), a court shall adjust a federal sentence for a term of imprisonment already served if: (1) "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct)"; (2) the other offense "was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments)"; and (3) "the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons."  U.S.S.G. § 5G1.3(b)(1).

Here, the district court did not abuse its discretion in fashioning Hickling's present sentence consecutive to her undischarged state sentence.  Contrary to Hickling's assertions, the district court had the discretion to impose a sentence either consecutively or concurrently to an undischarged state sentence.  Based on the § 3553(a) sentencing factors, however, the court reasonably determined that the sentence should run consecutively to Hickling's undischarged state sentence. Hickling has not met her burden, in light of the record and the pertinent § 3553(a) factors, to show that the court abused its discretion in fashioning her present sentence consecutive to her undischarged state sentence.  Accordingly, we affirm this aspect of the sentence as reasonable.

6

The judgment of the district court is affirmed in part, and vacated and remanded in part, for further proceedings consistent with this opinion.

**AFFIRMED in part; VACATED and REMANDED in part.**