[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14918
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00337-MHT-GMB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 26, 2020)

Before WILSON, WILLIAM PRYOR, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Gilberto Sanchez challenges on three grounds his sentence for conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); health care fraud, in violation of 18 U.S.C. § 1347; and money laundering, in violation of 18 U.S.C. § 1957. First, he argues that the district court erred by imposing a vulnerable-individual enhancement, pursuant to U.S.S.G. § 2D1.1(b)(15)(B)(iv),[1] without evidence, because his patients did not improve under his care. Second, he argues that the district court abused its discretion by imposing a substantively unreasonable 145-month sentence. Lastly, acknowledging that he did not object to the fine at sentencing, Sanchez argues that the district court plainly erred by imposing a $50,000.00 fine. For the following reasons, we affirm.

First, the vulnerable-individual enhancement. We review the district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts de novo. *United States v. Bane*, 720 F.3d 818, 824 (11th Cir. 2013). When reviewing for clear error, "we must affirm the district court unless review of the entire record leaves us with the definite and firm conviction that a mistake has been committed." *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003) (internal quotation mark omitted).

---

[1] The 2018 version of the Guidelines has renumbered this provision as U.S.S.G. § 2D1.1(b)(16)(B)(iv), but the 2016 version applies in this case.

For sentencing, a district court may base its factual findings on undisputed statements in the presentence investigation report (PSR). *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). To dispute a statement in the PSR, a defendant must challenge it "with specificity and clarity." *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (per curiam).

Section 2D1.1(b)(15)(B)(iv) of the 2016 Sentencing Guidelines provides for a two-level enhancement to a defendant who receives an aggravating-role enhancement under § 3B1.1 and distributed a controlled substance to an individual "knowing that [that] individual was . . . unusually vulnerable due to physical or mental condition or otherwise particularly susceptible to the criminal conduct."

Here, the district court did not err by applying the vulnerable-individual enhancement based on undisputed facts in the PSR. Sanchez objected to the enhancement on legal and procedural grounds. But he did not specifically and clearly dispute the PSR's statements that he illegitimately prescribed controlled substances to individuals—at minimum, two: S.B. and A.S.—knowing of (1) S.B.'s poor physical health and weight of 93 pounds; and (2) A.S.'s overdose history. Whatever else, "the record plainly establishes [these] facts," enabling our review. *See United States v. Reid*, 139 F.3d 1367, 1368 (11th Cir. 1998) (per curiam). And, in fact, Sanchez admits in his opening brief that S.B., A.S., and K.E. all "had disabilities which pre-dated" his prescriptions. Finally, he did not

3

dispute that his clinic refilled prescriptions of controlled substances for incoherent patients. Therefore, we see no error on this issue.

Next, we address whether Sanchez's overall 145-month sentence was substantively unreasonable. We review for abuse of discretion. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). When examining whether a sentence is substantively reasonable, "[w]e consider the totality of the circumstances and evaluate whether the sentence achieves the sentencing purposes stated in § 3553(a)." *Id.*

In this context, a district court errs "only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (internal quotation mark omitted). This is rare. *Id.* "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Id.*

The district court must issue a sentence "sufficient, but not greater than necessary, to comply with the purposes of [§ 3553(a)(2)]," which include the need for a sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate

4

deterrence to criminal conduct"; and "(C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). The district court's acknowledgment that it considered the § 3553(a) factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

After this analysis, we vacate the sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). "A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

Here, Sanchez has not met his burden of proving his sentence was substantively unreasonable. He reiterates his argument about the vulnerable-individual enhancement and says—without explanation or specifics—that the district court ignored his cooperation, created sentencing disparities among equally culpable defendants, relied on unsubstantiated conclusions, varied upward improperly, and erred procedurally. He cites law but omits analysis.

In any event, the district court did not abuse its discretion by imposing a 145-month sentence. We are certainly not left with a definite and firm conviction that it erred. It stated that it considered the § 3553(a) factors, as well as counsel's

5

arguments, and Sanchez's 145-month sentence was well below the maximum statutory penalty of 20 years. We see no error here.

Lastly, Sanchez's fine. When a defendant does not object at sentencing to the district court's decision to impose a fine, we review that decision for plain error, overturning only when "manifest injustice" would otherwise result. *United States v. Hernandez*, 160 F.3d 661, 665 (11th Cir. 1998).

The Sentencing Guidelines require courts to "impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). The district court is not required to make specific findings of fact if the record reflects that it considered the relevant factors prior to imposing a fine. *United States v. Gonzalez*, 541 F.3d 1250, 1256 (11th Cir. 2008) (per curiam).

We have observed that, if a defendant has declared bankruptcy, "once the proceedings are complete he will be discharged from most of the debts with which he claims to be saddled, thus making it significantly more likely that he will be able to pay the fine in the future." *United States v. Lombardo*, 35 F.3d 526, 528 (11th Cir. 1994) (per curiam).

Here, the district court did not plainly err by imposing a $50,000.00 fine on Sanchez. For one, the fine was well below the statutory maximum fine of $300,000.00. Also, the record reflects that the district court considered Sanchez's

ability to pay the fine. The PSR stated his net worth and monthly income and that he had declared bankruptcy. Additionally, other defendants are jointly and severally liable for the restitution. There is nothing that leaves us with the impression that a manifest injustice will result if we let the fine stand. Thus, we affirm all aspects of Sanchez's sentence.

**AFFIRMED.**