[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 19-12252, 19-12343
Non-Argument Calendar

_____

D.C. Docket Nos. 0:18-cr-60157-BB-1, 0:17-cr-60304-BB-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK BAUGHER,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(April 23, 2020)

Before MARTIN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Soon after pleading guilty to aggravated identity theft and possession of

unauthorized access devices, Mark Baugher absconded from pretrial release and

failed to appear for sentencing. As a result, he was charged with contempt of court. He was arrested approximately ten months later, and he pled guilty to the new offense. The district court consolidated the cases for sentencing and, after denying a minor-role reduction, imposed a total sentence of 104 months in prison. That sentence consisted of consecutive sentences of 60 months as to the access-device offense, 24 months as to the identity-theft offense, and 20 months as to the contempt offense. Baugher appeals his sentence, arguing that the district court procedurally erred and imposed a substantively unreasonable sentence. After careful review, we affirm the denial of a minor-role reduction. But because we are otherwise unable to exercise meaningful review of the sentence, we vacate and remand for resentencing.

## I.

To give context to Baugher's arguments, we begin with the facts and procedural history of (a) the criminal case, (b) the contempt case, and (3) the consolidated sentencing.

## A.

In December 2017, a federal grand jury returned an eight-count indictment against Baugher and a codefendant, Donald Moon. Baugher was charged with one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2); one count of possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3); and two counts of aggravated

identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  In April 2018, Baugher pled guilty, under a written plea agreement, to one count each of possession of unauthorized access devices and aggravated identity theft (the "fraud offenses").

In connection with the plea agreement, Baugher signed a factual proffer setting forth the facts the government could prove at trial.  According to the proffer, on December 12, 2016, police officers responded to a report by a resort hotel that a current guest, Moon, had used a fraudulent credit card to purchase a room.  The officers reviewed the records Moon and his hotel guest provided at check-in, which included a photocopy of a Nevada driver's license bearing Baugher's photograph but another person's name and information.  The officers went to Moon's hotel room, and Baugher answered.  After lawfully entering the room, the officers saw in plain view suspected methamphetamine as well as papers containing names and personal identifying information ("PII") of others.  In addition, Baugher's wallet contained two fraudulent drivers' licenses and four credit and gift cards bearing other peoples' names.  The officers seized the contents of the hotel room, including electronic devices and a safe, which were later found to contain over 1,500 pieces of PII, of which 814 pieces were "specifically attributable" to Baugher.

**B.**

In June 2018, a federal grand jury indicted Baugher for contempt of court, in violation of 18 U.S.C. § 401(3), based on his failure to abide by the conditions of his pretrial release. Baugher ultimately pled guilty to that offense on May 17, 2019.

Again, Baugher signed a factual proffer detailing the facts of the offense. According to the proffer, Baugher was released on bond with conditions after his initial appearance on the underlying indictment. Soon after, he violated those conditions by failing to report to probation as instructed. He was taken back into custody and then released again in March 2018, this time with additional conditions, including his enrollment in an electronic-monitoring program, a daily curfew between 9:00 p.m. and 9:00 a.m., and further drug testing requirements. However, he missed seven scheduled drug tests in March and April 2018, and he tested positive for methamphetamine once in April 2018. Then, on May 12, 2018, he left his home without permission and failed to return by 9:00 p.m. Two days later, his electronic monitor generated a tamper alert, and probation was unable to contact or locate him. A warrant issued for Baugher's arrest. He was not arrested until March 2019.

## C.

Baugher's sentencing for the fraud offenses was originally set for June 19, 2018. But he failed to appear for the hearing and was transferred to fugitive status. Once Baugher was arrested, the district court scheduled a consolidated sentencing

hearing on the fraud offenses and the contempt offense. A probation officer prepared a consolidated presentence investigation report ("PSR").

In calculating the guideline range, the PSR first explained that the aggravated-identity-theft offense required a mandatory consecutive prison sentence of two years. *See* 18 U.S.C. § 1028A; U.S.S.G. § 2B1.6. So that offense played no further role in the guideline calculations.

Turning to the other two offenses, the PSR stated that the relevant guidelines for the access-device offense and the contempt offense were U.S.S.G. §§ 2B1.1 and 2J1.1, respectively. Section 2J1.1 simply redirects to § 2X5.1, which says to apply the "most analogous offense guideline." According to the PSR, the most analogous guideline for Baugher's conduct was obstruction of justice, U.S.S.G. § 2J1.2. The PSR grouped the access-device and contempt offenses under U.S.S.G. § 3D1.2(c) and § 2J1.2, cmt. n.3, and then used § 2B1.1 to calculate Baugher's offense level because it resulted in the highest offense level. *See* U.S.S.G. § 3D1.3(a).

According to the PSR, Baugher's base offense level under § 2B1.1 was six. *See* U.S.S.G. § 2B1.1(a)(2). Sixteen levels were added for the amount of intended loss, the number of victims, and the use of device-making equipment or the production of unauthorized access devices. *See id.* § 2B1.1(b)(1)(G), (b)(2)(A), and (b)(11). The PSR stated that, in addition to the items described above, a printer used to produce fraudulent licenses was found in the hotel room. Importantly, the PSR

also applied a two-level obstruction-of-justice enhancement because Baugher "willfully obstructed or attempted to obstruct justice by cutting off his ankle bracelet, absconding, and failing to appear, as ordered, for his sentencing." *See* U.S.S.G. § 3C1.1. Baugher did not receive a minor-role adjustment or a reduction for acceptance of responsibility. As to Baugher's role, the PSR found that Baugher was responsible for possessing the PII of 814 victims of identity theft and for an intended loss of between $250,000 and $550,000. For comparison, Moon was held responsible for all the PII found and for an intended loss of between $550,000 and $1,500,000. Based on these calculations, the PSR recommended a total offense level of 24, which, along with a criminal history category of II, established a guideline imprisonment range of 57 to 71 months.

Baugher objected to the PSR's failure to apply a two-level minor-role reduction, arguing that he was subordinate to Moon and did not know the scope or structure of the conspiracy. *See* U.S.S.G. § 3B1.2(b). He contended that he simply forwarded the PII to Moon, who used the PII to make fraudulent drivers' licenses and open fraudulent credit-card accounts.

At sentencing, the district court overruled Baugher's objection, finding that his role in the access-device offense was not minor, and then adopted the facts set forth in the PSR and its guideline calculations. After the court heard personally from Baugher and his mother, the parties offered their views on an appropriate sentence.

Defense counsel argued for a sentence at or below the low end of the guideline range. Counsel pointed to Baugher's minor criminal history and contended that the circumstances leading to the present offenses were an aberration caused by substance abuse. Counsel also suggested that the guideline range adequately accounted for the contempt offense because it was severe and it incorporated a two-level enhancement for obstruction of justice, which covered the same conduct as the contempt offense. The government argued that a sentence near the upper end of the guideline range was appropriate in light of the contempt offense, which it acknowledged was "accounted for in the guidelines."

In explaining the sentence, the district court began by focusing on the conduct constituting the contempt offense—Baugher's removal of his electronic monitoring device, evasion of law enforcement, failure to appear for sentencing, and absconding for 309 days. The court found that this conduct, which it noted caused Baugher to lose a reduction for acceptance of responsibility and to earn an enhancement for obstruction of justice, was "egregious" and showed "an utter disrespect for this Court's order and for the requirements of [his] pretrial release." The court also agreed with the government that Baugher's criminal history indicated a pattern of absconding and failing to respect the law. Then, turning to the fraud offenses, the court described how Baugher was responsible for fraudulently possessing the PII of 814 victims of identity theft.

7

Summing up, the district court stated that the matters before it for sentencing were the fraud offenses and "the absconding for . . . 309 days." The court advised that it "wrestled much with what is an appropriate sentence for someone who absconds for the length of time you did, for each day you disregarded the law and showed a lack of respect." In particular, the court emphasized the need for deterring not only Baugher but "others that are contemplating this type of behavior." The court found that Baugher's substance-abuse problems did not fully excuse his conduct "because there are many individuals that are suffering from substance abuse but comply with the Court's order, and not willfully disregard it, and comply with the terms of supervised release pretrial." Still, the court described his substance abuse as a "mitigating factor" that it considered along with "the aggravating factor of the obstruction of justice[] and the circumstances of the offense in fashioning a sentence that the Court believes is sufficient but is not greater than necessary."

The district court then imposed distinct sentences as to each offense. With regard to the access-device offense, the court found a "sentence toward the low end of the advisory guideline range"—60 months—"will provide sufficient punishment." The identify-theft offense required a consecutive sentence of 24 months. Finally, with regard to the contempt offense, the court stated that the sentence for "absconding for 309 days . . . has to matter. And as such, since you absconded for approximately 10 months, the Court believes that an additional

8

sentence of 20 months is appropriate."    All sentences were imposed to run consecutively, for a total term of 104 months in prison.  Baugher objected to the consecutive nature of the 20-month sentence, its "factual basis," and its reasonableness.  Baugher now appeals.

## II.

We review a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  We ensure that the sentence is both free from significant procedural error and substantively reasonable.  *Id.*

A district court commits significant procedural error if it fails to properly calculate the guideline, fails to consider the 18 U.S.C. § 3553(a) sentencing factors, relies on clearly erroneous facts, or fails to adequately explain the chosen sentence in a way that "allow[s] for meaningful appellate review."  *Id.* at 50–51.  If the sentence is procedurally sound, we then evaluate whether the sentence is substantively reasonable.  *Id.*  A sentence is substantively reasonable if, after giving a full measure of deference to the sentencing judge, it fails to fulfill the purposes of sentencing.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

## A.

First, the district court did not clearly err by denying a minor-role reduction.  *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir. 2010) (stating that we review the denial of a role reduction for clear error).  "Clear error review is

deferential, and we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (quotation marks omitted).  It will rarely be clear error when the court makes a "choice between two permissible views of the evidence as to the defendant's role in the offense." *Id.* (quotation marks omitted).  The defendant must prove his minor role in the offense by a preponderance of the evidence. *Id.*

Section 3B1.2 provides that a defendant is entitled to a two-level decrease in his offense level if he was a "minor participant" in the criminal activity.  U.S.S.G. § 3B1.2.  A "minor participant" is someone "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.* § 3B1.2, cmt. n.5.  The decision whether to apply a minor-role reduction is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." *Id.* § 3B1.2, cmt. n.3(C).  Importantly, the fact that a defendant's role is less than other participants' roles in the relevant conduct may not be dispositive because it is possible that none of them are minor or minimal participants. *United States v. De Varon*, 175 F.3d 930, 944 (11th Cir. 1999) (*en banc*).

Here, the district court's finding that Baugher was not a minor participant was amply supported by the record.  Undisputed facts in the PSR show that Baugher was

10

present with Moon in a hotel room where police officers found a substantial amount of PII and a printer used to produce fraudulent licenses.  Baugher admitted he was responsible for around half of the PII recovered—which is all that the court attributed to him when calculating his guideline range—and he was in possession of several fraudulently produced licenses and cards.  These facts indicate that Baugher was fully aware of the scope and structure of the criminal activity, including Moon's use of the PII to produce fraudulent licenses and cards, that he was a substantial participant in that activity, and that he personally benefitted from it.  *See* U.S.S.G. § 3B1.2, cmt. n.3(C).  Even assuming Baugher was "somewhat less culpable" than Moon, this alone does not entitle him to a minor-role reduction.  *See De Varon*, 175 F.3d at 944.  Accordingly, the district court did not clearly err in denying a minor-role reduction.

## B.

Next, we conclude that the district court committed procedural error by failing to adequately explain the chosen sentence in a way that allows for meaningful review.  *See Gall*, 552 U.S. at 50–51.

The district court's explanation indicates that it intended to treat each offense distinctly for purposes of sentencing.  The court stated that it was sentencing Baugher to 60 months—"toward the low end of the advisory guideline range"—as to the access-device offense, 24 months as to the aggravated identity-theft offense,

and 20 months as to the contempt offense, all to be served consecutively. The court emphasized that the sentence for "absconding for 309 days . . . has to matter."

The problem, in our view, is that the guideline range of 57 to 71 months was not specific to the access-device offense. Rather, as both parties recognized at sentencing, it accounted for the contempt offense as well. And it did so in a way that increased the guideline range under which Baugher was sentenced. Specifically, the court applied a two-level enhancement for obstruction of justice—for Baugher's conduct of "cutting off his ankle bracelet, absconding, and failing to appear, as ordered, for his sentencing"—without which the guideline range would have been 46 to 57 months. In other words, Baugher's absconding mattered to the guideline range because it raised that range by at least 11 months.

As a result, the district court's sentences on the access-device offense and the contempt offense appear to overlap to some degree. The court imposed "an additional sentence of 20 months" for the contempt offense—essentially double the length of time he absconded. But it also appears to have relied on that same conduct when it sentenced Baugher within the guideline range for the access-device offense. So despite the court's comments that it wanted Baugher to serve 20 months for the conduct of absconding, violating the terms of pretrial release, and failing to appear at sentencing, it appears that, due to the obstruction-of-justice enhancement, he will serve something more like 30 months, at the very least.

12

For these reasons, we cannot tell the basis for the district court's decision to sentence Baugher to 60 months on the access-device offense. *See United States v. Reid*, 139 F.3d 1367, 1368 (11th Cir. 1998) (vacating and remanding for resentencing where we could not tell the basis for the district court's guideline application decision). Based on the court's comments at sentencing and its choice of distinct sentences for each offense, it appears that the court may not have intended to punish Baugher for absconding and related conduct when it sentenced him on the access-device offense. But as far as we can tell, that's what happened. Because we are unsure of the district court's reasons for imposing the sentence that it did, we vacate and remand for resentencing.[1]

## C.

As for Baugher's remaining arguments, we decline to consider them at this time. Because the chosen sentence, as well as its underlying justification, may change upon remand, we do not at this time opine on its reasonableness. *See United States v. Gupta*, 572 F.3d 878, 888 (11th Cir. 2009) (declining to address the reasonableness of the sentence because it could change on remand).

## III.

---

[1] The government argues that the district court had the authority to impose the sentence that it did. And that may well be true. We express no opinion on that issue. On this record, however, we are unable to exercise meaningful appellate review of Baugher's sentence for the reasons we have described.

In sum, we affirm the district court's denial of a minor-role reduction, but we vacate Baugher's sentence and remand for resentencing for the reasons stated herein.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**