[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15951

_____

D. C. Docket No. 06-00065-CR-J-DHB-JEG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELSON VALDES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 18,  2007)**

Before BIRCH,  BARKETT, Circuit Judges, and KORMAN,* District Judge.

PER CURIAM:

---

* Honorable Edward Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Nelson Valdes pled guilty and was convicted of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, and was sentenced to 108 months of imprisonment, which considerably exceeded the Guidelines range of 41 to 51 months as calculated by the Presentence Investigation Report, as well as the Guidelines range of 57 to 71 months urged by the government on the basis of a two-level criminal history category upward departure under U.S.S.G. § 4A1.3.

Valdes argues that if the sentence is construed as a departure under U.S.S.G. § 4A1.3, it must be reversed because the district court failed to follow the procedural requirements for such a departure under U.S.S.G. § 4A1.3. Moreover, he notes that even if the departure had been procedurally correct, the high-end of the Guidelines sentence, even with the upward departure, was only 71 months. Alternatively, Valdes argues that an 108-month sentence is substantively unreasonable under the circumstances presented. Specifically, Valdes argues that the district court in this case was biased because, in rendering its verdict, it relied on the fact that the fraud involved consisted of counterfeiting checks from the Clerk of the Middle District of Florida.

We vacate and remand because this record is insufficient to permit the affirmance of the sentence. If the district court intended to apply an upward departure under U.S.S.G § 4A1.3, Valdes is correct that the requisite procedures

2

were not followed.[1]  If the court intended to rely solely on § 3553(a) to vary upward from the Guidelines, the reasons discussed were inadequate to support an extraordinary variance to a sentence of 108 months, which was more than double the high-end of the calculated Guidelines range, and significantly, well above the Government's recommended Guidelines range of 57-71 months.[2]

**VACATED AND REMANDED.**

---

[1] If a district court finds that a defendant's criminal history is not adequately represented by the Guidelines range, and decides to engage in a departure analysis under U.S.S.G. § 4A1.3, the judge must first explicitly consider the next criminal history category and make a determination as to whether that new range is appropriate. United States v. Johnson, 934 F.2d 1237, 1239-40 (11th Cir. 1991).  In purporting to grant the government's U.S.S.G. § 4A1.3 to depart upwardly to Category VI, the district court, as in United States v. Williams, wholly failed to specifically consider or even mention the next criminal history level, Category V.  Indeed, the district court even neglected to consider the Category VI range itself to determine whether that category more accurately represented Valdes' criminal history.  "As a result of this procedural fault, the upward departure was in error and requires remand." Williams, 989 F.2d 1171, 1142 (11th Cir. 1993).

[2] Many of the bases for the district court's sentence were already accounted for in calculating the Guidelines range and nothing extraordinary about the circumstances of this case justified this extreme variance.  See United States v. McVay, 447 F.3d 1348, 1357 (11th Cir. 2006) (finding that a district court's imposition of a sentence that falls far outside the Guidelines range must be supported by extraordinary circumstances).  Moreover, the fact that it was the District Court's check that was counterfeited could not support a variance.  We see no reason why fraud involving the district court is any more culpable than fraud involving any other individual or institution.  Indeed, the judges of the Middle District of Florida were all recused in order to avoid any bias.