[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12604
Non-Argument Calendar
_____

D. C. Docket No. 06-00083-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO LOPEZ RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 13, 2007)

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Alfredo Lopez Ramirez appeals his 72-month sentence imposed after he pled guilty to illegally entering the United States after deportation, in violation of 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2). Ramirez argues that his sentence is unreasonable because it is an unjustified extraordinary upward variance from the applicable guideline range of 21 to 27 months. For the following reasons, we AFFIRM.

## I. BACKGROUND

Citing § 3553(a)(1), the district court based its variance on Ramirez's criminal history and his three prior deportations from the United States. Ramirez's first conviction in the United States occurred in 1992 when he was nineteen years old. He has been convicted eight times on various counts including: (1) driving a vehicle without the owner's consent; (2) receiving stolen property; (3) possession of a controlled substance (heroin); (4) burglary; (5) illegal entry into the United States; (6) burglary of a business structure and grand theft; (7) burglary of a business structure and grand theft again; and (8) possession of cocaine, possession of methamphetamine, and possession of drug related objects. Ramirez's eighth, and most recent, conviction occurred in 2004 when he was 32 years old.

2

## II. DISCUSSION

We review Ramirez's sentence for reasonableness. United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 767 (2005); United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). After Booker, sentencing requires two steps: first, the district court must correctly calculate the guideline range; "[s]econd, the district court must consider several factors to determine a reasonable sentence." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). Ramirez does not challenge the calculation of his 21 to 27 month guideline range, a product of his criminal history category of V and a total offense level of 10. Rather, he contends only that his 72-month sentence is substantively unreasonable.

Our reasonableness review is deferential and requires us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in [§] 3553(a)." Id. at 788. The party challenging "the sentence bears the burden of establishing that the sentence is unreasonable in light of [the] record and the factors in section 3553(a)." Id.

In arriving at a reasonable sentence, the district court is required to consider the factors set out in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to

protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. at 786 (citing 18 U.S.C. § 3553(a)). It is sufficient for the district court to acknowledge that it has considered these factors; it need not explicitly discuss each of them. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). We have recognized that "there is a range of reasonable sentences from which the district court may choose." Talley, 431 F.3d at 788. Necessarily, there are also "sentences outside the range of reasonableness that do not achieve the purposes of sentencing stated in § 3553(a) and that thus the district court may not impose." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006).

After review of the presentence investigation report and sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error. Ramirez's extensive criminal history, including certain criminal conduct that was not factored into his guideline range, was sufficient to justify the variance in this case. Even if we considered this sentence an extraordinary variance, we would still find the district court's sentence reasonable. See United States v. McVay, 447 F.3d 1348, 1357 (11th Cir. 2006) (noting that "extraordinary circumstances" support an extraordinary variance); see also United States v.

<u>Valdes</u>, ___ F.3d ____, 2007 WL 2700598, at *1 (11th Cir. Sept. 18, 2007) (suggesting that a sentence more than double the guidelines range could be extraordinary).

## III. CONCLUSION

Ramirez argues that his sentence is unreasonable because it is an unjustified extraordinary upward variance from the applicable guideline range of 21 to 27 months. The sentencing court is authorized to base its variance on "the history and characteristics" of Ramirez, 18 U.S.C. § 3553(a)(1), and Ramirez has not satisfied his burden of establishing that his sentence was unreasonable in light of his individual circumstances. Accordingly, we affirm.

**AFFIRMED.**