[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11837
Non-Argument Calendar

_____

D. C. Docket No. 06-00361-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KRYSTYLL GARDNER,
a.k.a. Veronica Smith,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 23, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Krystyll Gardner appeals her sentence of 36 months of imprisonment

imposed following her plea of guilty to misprision of a felony. See 18 U.S.C. § 4. Gardner argues that the sentence, which was the statutory maximum and above the Guidelines sentencing range of 10 to 16 months of imprisonment, was unreasonable. We vacate and remand for resentencing.

We review a sentence for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). "Review for reasonableness is deferential." Id. at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id. "When we review a sentence for reasonableness, we do not, as the district court did, determine the exact sentence to be imposed." Id. "We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Id. Although "there is a range of reasonable sentences from which the district court may choose," id., there are also "sentences outside the range of reasonableness that do not achieve the purposes of sentencing stated in § 3553(a) . . . that . . . the district court may not impose," United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006). We have stated that "when imposing a sentence falling far outside of the Guidelines range, based on the § 3553(a) factors, '[a]n extraordinary reduction must be supported by extraordinary circumstances.'" United States v. McVay, 447 F.3d 1348, 1357

2

(11th Cir. 2006) (quoting United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005)) (second alteration in original).  The same is true for an extraordinary upward variance.  See United States v. Valdes, No. 06-15951, slip op. at 3 (11th Cir. September 18, 2007).

The extraordinary upward variance of Gardner's sentence, from the Guidelines range of 10 to 16 months of imprisonment to 36 months of imprisonment – more than double the high end of the advisory range, was not supported by extraordinary circumstances.  The district court relied on "the significant level of [Gardner's] involvement in the scheme" and the need for deterrence to justify the upward variance.  Neither of these circumstances are sufficiently extraordinary to justify the extraordinary variance imposed in this case.

Although the district court stated that the facts "probably . . . did not support an aggravating role enhancement," it relied on Gardner's role as a "critical participant" to justify the upward variance.  Gardner's sentence was nine months longer than a sentence at the high end of the advisory Guidelines range, had the district court applied the maximum aggravating-role enhancement of four levels.  See United States Sentencing Guidelines § 3B1.1 & Sentencing Table (Nov. 2006).  If Gardner's role in the scheme was insufficient to warrant an aggravating-role enhancement, then Gardner's role surely was not so extraordinary that it supported

the upward variance imposed by the district court.  In the absence of any extraordinary circumstances, Gardner's extraordinary variance was unreasonable. See United States v. Crisp, 454 F.3d 1285, 1288 (11th Cir. 2006).

Because the sentence imposed was unreasonable, we

**VACATE AND REMAND FOR RESENTENCING.**