[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13060
Non-Argument Calendar

_____

D. C. Docket No. 07-00004-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 23, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Luis Ramirez appeals his 60-month sentence for larceny of

personal property, in violation of 18 U.S.C. §§ 661 and 2. Ramirez's guideline range was 8-12 months, but the district court sentenced him to the statutory maximum of 60 months imprisonment.

Ramirez argues on appeal that the district court's 750% upward "deviation" from the guideline range was unreasonable and was the result of the court's (1) overemphasis of his criminal history, (2) improper sentencing procedure, and (3) inadequate consideration of the 18 U.S.C. § 3553(a) factors. Ramirez contends that the court failed to consider the $1,000 loss amount, and he notes that, according to our precedent, (1) a sentence that falls far outside the guideline range must be supported by "extraordinary circumstances," and (2) in determining a defendant's sentence, the district court should not rely on any one single factor. Ramirez also argues that the district court failed to either set forth any statutory elements to support an upward variance or follow the procedural requirements for an upward departure pursuant to U.S.S.G. § 4A1.3. In his reply brief, Ramirez argues that the district court did not follow *Booker*'s[1] directives because it first failed to correctly calculate the guideline range and then to consider the 18 U.S.C. § 3553(a) factors. Further, according to Ramirez, the court failed to implement uniform sentencing, and the sentence nullified the two-level decrease he received

---

[1]*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

for acceptance of responsibility.

"We review the sentence imposed by the district court for reasonableness." *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). "Reasonableness" review requires that the appellate court review the sentence under an abuse-of-discretion standard. *Gall v. United States*, __ U.S. __, 128 S. Ct. 586, 594 (2007) (stating that the Supreme Court's "explanation of 'reasonableness' review in the *Booker* opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions"). We

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

*Id.*, __ U.S. __, 128 S. Ct. at 597. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, __ U.S. __, 127 S. Ct. 2456, 2468 (2007).

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the

§ 3553(a) factors." *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006). "Review for reasonableness is deferential," and, in reviewing for reasonableness, the relevant inquiry is "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *Talley*, 431 F.3d at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.*

The § 3553(a) factors that a district court must consider include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(7).

When applying these factors to a particular sentence, "[t]he weight to be

4

accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and we "will not substitute our judgment in weighing the relevant factors because 'our review is not de novo.'" *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006) (citation and alteration omitted), *cert. dismissed*, 127 S. Ct. 3040 (2007), *abrogated on other grounds*, *Kimbrough v. United States*, ___U.S.___, 128 S. Ct. 558 (2007). However, "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

In *United States v. Valdes*, 500 F.3d 1291 (11th Cir. 2007), we vacated Valdes's sentence and remanded to the district court because it was unclear whether the court was departing upwardly under U.S.S.G. § 4A1.3 or whether the court was applying a variance based on the 18 U.S.C. § 3553(a) factors, and, therefore, the record was "insufficient to permit the affirmance of the sentence." *Id.* at 1292. We stated that "[i]f the court intended to rely solely on § 3553(a) to vary upward from the Guidelines, the reasons discussed were inadequate to support an extraordinary variance to a sentence of 108 months, which was more than double the high-end of the calculated Guidelines range, and significantly, well above the Government's recommended Guidelines range of 57-71 months." *Id.* In

5

a footnote, we stated that, "[m]any of the bases for the district court's sentence were already accounted for in calculating the Guidelines range and nothing extraordinary about the circumstances of this case justified this extreme variance." *Id.* n.2. We found support in *United States v. McVay*, 447 F.3d 1348 (11th Cir. 2006), which held that a district court's imposition of a sentence that falls far outside the Guidelines range must be supported by "extraordinary circumstances." *Id.* at 1357.

In *United States v. Crisp*, 454 F.3d 1285, 1290-92 (11th Cir. 2006), we determined that a five-hour term of imprisonment was unreasonable. Although the district court stated "the sentence reflects the seriousness of the offense, provides just punishment, affords adequate deterrence and adequately protects the public," we determined that the district court's primary concern at sentencing was to provide restitution, and the court imposed a brief sentence to allow the defendant to earn money in order to do so. *Id.* at 1290-91. We stated, "a district court's 'unjustified reliance upon any one [§ 3553(a)] factor is a symptom of an unreasonable sentence,'" and concluded that "[t]he district court focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors. An unreasonable approach produced an unreasonable sentence." *Id.* at 1292 (citation omitted). In addition, we stated that "district courts

6

should consider the policies behind the applicable guidelines provision" in deciding a sentence and noted that "along with other relevant factors under the guidelines, loss serves as a measure of the seriousness of the offense and the defendant's relative culpability and is a principal factor in determining the offense level under this guideline." *Id.* at 1291 (quoting U.S.S.G. § 2B1.1, comment. (backg'd)).

In its recent *Gall* decision, the Supreme Court stated,

> In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may . . . take the degree of variance into account and consider the extent of a deviation from the Guidelines. We reject, however, an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range. We also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence.

*Gall*, __ U.S. __, 128 S. Ct. at 594-95. The Supreme Court stated that a "proportional review" is "inconsistent with the rule that the abuse-of-discretion standard of review applies to appellate review of all sentencing decisions-whether inside or outside the Guidelines range." *Id.*, __ U.S. __, 128 S. Ct. at 596. When a sentencing judge determines that a non-guideline sentence is warranted, "he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.*, __ U.S. __, 128 S. Ct. at 597. However, "a major departure should be supported by a more significant

7

justification than a minor one." *Id.* In reviewing the sentence for reasonableness, an appellate court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

In the present case, we affirm Ramirez's sentence because even though the sentence amounted to a significant upward variance, the district court properly calculated the advisory guideline range, considered the relevant § 3553(a) factors, articulated its reasons in open court, considered Ramirez's arguments, and had a reasoned basis for its decision. *See Gall*, ___ U.S. ___, 128 S. Ct. at 597; *Rita*, ___ U.S. ___, 127 S. Ct. at 2468.

**AFFIRMED.**