[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10663
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 3, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00065-CR-J-DHB-JEG

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

NELSON VALDES,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 3, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Nelson Valdes appeals from the district court's decision to impose an

upward variance and sentence him to 84 months of imprisonment for bank fraud, in violation of 18 U.S.C. § 1344 and 2.[1]  On appeal, Valdes argues that this sentence was both procedurally and substantively unreasonable.

I

Valdes argues that his sentence was procedurally unreasonable because the district court did not calculate whether an upward departure was warranted before it engaged in a variance analysis.  Valdes additionally argues that the district court (1) erred in considering a probation officer's letter to the Sentencing Commission suggesting an enhancement for repeated economic crimes; and (2) incorrectly interpreted Valdes's international travels as attempts to escape from prosecution.

In United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005), the Supreme Court held that sentences are to be reviewed for "unreasonable[ness]."  The Supreme Court subsequently noted that this review requires the "deferential abuse-of-discretion standard."  Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 591 (2007).  However, if a sentencing issue is raised for the first time on appeal, we review that issue only for plain error.  United States v.

---

[1] Valdes's original sentence of 108 months of imprisonment for this same offense was vacated and remanded for resentencing by a prior panel of this Court.  United States v. Valdes, 500 F.3d 1291 (11th Cir. 2007).

Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).[2]

A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the guidelines, treated the guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed adequately to explain the chosen sentence. Gall, 128 S. Ct. at 597. The burden of establishing that the sentence is unreasonable lies with the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Valdes first argues that the district court was required pursuant to United States v. Jordi, 418 F.3d 1212 (11th Cir. 2005) to calculate a departure before it engaged in its variance analysis.[3] In our previous decision vacating and remanding Valdes's original sentence of 108 months imprisonment, we noted that it was unclear from the record whether the district court intended to apply an upward departure under U.S.S.G. § 4A1.3 or to rely solely upon § 3553(a) in imposing a

---

[2] Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. Id. When these three factors are met, we may then exercise our discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 732 (1993). Review for plain error requires an error to be clear or obvious. United States v. Straub, 508 F.3d 1003, 1008 (11th Cir. 2007).

[3] Valdes did not specifically object to the district court's failure to calculate a departure at his resentencing, but rather made a general objection to the court's upward variance. Thus, it is arguable that plain error review should apply. However, we find that Valdes's argument regarding the court not conducting a departure analysis fails even under the more lenient abuse of discretion review.

3

sentence well-above the Guidelines. Inasmuch as the district court meant to apply an upward departure we noted that the court did not follow the requisite procedures. Here, upon resentencing, the district court was clear that while it could grant an upward departure, it chose not to, and rather decided that a variance based upon § 3553(a) was more appropriate.

Once the district court decided not to depart upward, it was not required to follow the procedure for such departures as they were no longer relevant. Valdes's reliance upon Jordi is misplaced as in that case we held that the district court erred as a matter of law in improperly deciding that it could not grant an upward departure, thereby improperly applying the guidelines. Id. at 1217. Here, the district court recognized that it could grant an upward departure, but decided that a variance would better account for Valdes's conduct.

Valdes next argues that the district court improperly calculated his guideline range because it considered a letter written by a probation officer to the Sentencing Commission regarding economic crimes. We find this argument, which we review for plain error, to be without merit as the district court did not use the letter to calculate the guideline range, but rather referred to it when conducting its § 3553(a) variance analysis.

Finally, Valdes argues that his sentence was procedurally unreasonable

4

because the district court mischaracterized his travels out of the country as evidence of "fugitive status." The court did not find that Valdes's travels were illegal or constitutionally impermissible, but rather that Valdes had used his travels as a means of confusion to conceal his crimes. Given the close proximity of his travels to his arrests and convictions, this was not an unreasonable inference and accordingly, the district court did not abuse its discretion in making this inference.

Therefore, we find that Valdes's sentence was procedurally reasonable.

II

Valdes next argues that his sentence was substantively unreasonable because the factors used by the district court to justify an upward variance (his criminal history and the seriousness of the offense) already were accounted for by the Sentencing Guidelines. He also restates his arguments concerning the court's consideration of the letter to the Sentencing Commission and his international travels.

As discussed supra, the standard of review for unreasonableness is abuse of discretion. Gall, 128 S. Ct. at 591. However, with regard to substantive unreasonableness, the Supreme Court has found that "closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a)

5

considerations even in a mine-run case." Kimbrough v. United States, __ U.S. __, 128 S. Ct. 558 (2007) (internal quotation marks omitted).

A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). Section 3553(a) provides that district courts must consider, inter alia, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). A district court may impose a variance if it determines that "the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply," "the Guidelines sentence . . . fails properly to reflect § 3553(a) considerations," or "the case warrants a different sentence regardless." Rita v. United States, __ U.S. __, 127 S. Ct. 2456, 2465 (2007).

When we previously reviewed the instant case, we found that "[m]any of the bases for the district court's sentence were already accounted for in calculating the Guidelines range and nothing extraordinary about the circumstances of this case

6

justified [an] extreme variance [of 108-months' imprisonment]." Valdes, 500 F.3d at 1292 n.2. However, after we issued our opinion, the Supreme Court issued its decision in Gall, in which it rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." Gall, 128 S. Ct. at 595. The Supreme Court then clarified that "a major departure should be supported by a more significant justification than a minor one." Id. at 597.

Here, the district court calculated Valdes's guideline range to be 41–51 months' imprisonment based on his criminal history category of IV. In imposing an upward variance to the guidelines range, the district court discussed its concern with Valdes's criminal history and repeated fraudulent behavior. While Valdes's criminal history alone would not justify an upward departure as such behavior is accounted for through his criminal history category,[4] here, we find that the district court considered other § 3553(a) factors in imposing the upward variance. The court noted that Valdes's unusually high rate of recidivism, almost all of which involves fraud, shows that his prior prison sentences have had an insufficient impact on his behavior and the higher sentence was necessary to deter him as well

---

[4] Valdes's criminal history category of IV does not reflect many of his prior uncharged offenses, which would have been accounted for by increasing his criminal history category to VI. The guideline recommendation for a criminal history category of VI would have resulted in a sentencing range of 57-71 months' imprisonment, still below the 84-month sentence imposed by the court.

7

as others from committing financial fraud.  See United States v. Martin, 455 F.3d 1227, 1240 (11th Cir. 2006) (discussing the particular importance of deterrence in the area of economic and fraud-based crimes).  The court also noted Valdes's travels out of the country "augmented the confusion and obfuscation attendant to his concealment of his serial frauds."  Finally, the court noted that it considered "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense the need for deterrence" as provided for under § 3553(a)(4).

Therefore, we find that the district court did not abuse its discretion in determining that § 3553(a) required an upward variance to deter Valdes from further criminal conduct.

**AFFIRMED.**