[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10094
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00079-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY EUGENE BRICKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 15, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Terry Eugene Bricker appeals his 48-month total sentence, imposed after he pled guilty to two counts of mail theft, in violation of 18 U.S.C. § 1708; three counts of wire fraud, in violation of 18 U.S.C. § 1343; and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c).  On appeal, Bricker argues that his above-guidelines sentence is procedurally and substantively unreasonable.  After review of the record and consideration of the parties' briefs, we affirm Bricker's sentences but remand to the district court to correct a typographical error in the judgment.

## I.  Procedural Reasonableness

Bricker first contends his sentence is procedurally unreasonable because the district court failed to follow the appropriate steps for departing upward pursuant to U.S.S.G. § 4A1.3, which authorizes the district court to depart upward "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  U.S.S.G. § 4A1.3(a)(1).  Specifically, the district court did not sequentially consider whether the next highest criminal history categories were appropriate. *See United States v. Valdes*, 500 F.3d 1291, 1292 n.1 (11th Cir. 2007) ("If a district court finds that a defendant's criminal history is not adequately represented by the Guidelines range, and decides to engage in a departure analysis under U.S.S.G. § 4A1.3, the judge

2

must first explicitly consider the *next* criminal history category and make a determination as to whether that new range is appropriate." (emphasis in original)).

Bricker's arguments are unavailing. The record demonstrates the district court's above-guidelines sentence was the result of a variance pursuant to the 18 U.S.C. § 3553(a) factors rather than a departure under the Guidelines. *See United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009) ("In determining whether the district court applied an upward departure under the Guidelines or a variance under the 18 U.S.C. § 3553(a) factors, we consider whether the district court cited to a specific guideline departure provision and if the court's rationale was based on its determination that the Guidelines were inadequate."). Although the district court marked "4A1.3 Criminal History Inadequacy" under the section "Reason(s) for Departure" in its Statement of Reasons, the record demonstrates that the above-guidelines sentence was motivated by the court's conclusion that the Guidelines were inadequate and that the § 3553(a) factors weighed in favor of a longer sentence. *See id.* In imposing Bricker's sentence, the district court correctly calculated the guidelines range, cited and discussed the § 3553(a) factors, and determined that an above-guidelines sentence was appropriate in light of those factors. *See United States v. Irizarry*, 458 F.3d 1208, 1211-12 (11th Cir. 2006). In addition, in another section of its Statement of Reasons, the district court checked six of the § 3553(a) factors as justification for imposing a sentence outside the

3

advisory guidelines range, and expressly stated that Bricker's sentence was appropriate based on all of the statutory factors.  Accordingly, we conclude Bricker's above-guidelines sentence was a variance, not a departure, and the district court therefore did not err by failing to follow the procedure for departing upward under U.S.S.G. § 4A1.3.

## II.  Substantive Reasonableness

Bricker next contends his sentence is substantively unreasonable because the district court abused its discretion in imposing a sentence significantly above the advisory guidelines range.  Relying on § 4A1.3 and the guidelines commentary, Bricker argues the presentence investigation report failed to provide reliable information about many of the prior offenses on which the district court relied in imposing his sentence, and those offenses did not justify the extent of the district court's deviation from the guidelines range.

Bricker's reliance on § 4A1.3 and the accompanying commentary is misplaced because, as discussed above, the district court did not depart upward under the Guidelines.  The district court, moreover, did not abuse its discretion in imposing Bricker's above-guidelines sentence.  *See Gall v. United States*, 552 U.S. 38, 41 (2007) ("[C]ourts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.").  We agree with the district court's conclusion that

4

the § 3553(a) factors, on the whole, justified the extent of the variance.  *See id.* at 51.  The district court discussed Bricker's history and characteristics, noting his history of alcohol abuse as well as his acceptance of responsibility for his conduct.  *See* 18 U.S.C. § 3553(a)(1).  The court also pointed to Bricker's extensive criminal history and disrespect for the law, as well as the danger Bricker posed to the public.  *See id.* § 3553(a)(1), (2).  As demonstrated by the presentence investigation report, Bricker's criminal history extended from the time he was 18 years old and spanned over 25 years, encompassing crimes from theft to reckless driving, burglary, possession of stolen mail, and driving under the influence.  On this record, we cannot say that "the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted); *see also United States v. Early*, 686 F.3d 1219, 1222-23 (11th Cir. 2012) (concluding a defendant's above-guidelines sentence was substantively reasonable in light of the defendant's extensive criminal history and the § 3553(a) factors).  Accordingly, we affirm Bricker's 48-month total sentence.

### III.   Typographical Error in the Judgment

We note that the district court's written judgment contains a scrivener's error.  *See United States v. Reeves*, 742 F.3d 487, 507 n.12 (11th Cir. 2014) ("We

5

may *sua sponte* raise the issue of clerical errors in a judgment and remand with instructions that the district court correct them."). Count Six of the judgment indicates Bricker was convicted of aggravated identity theft under 18 U.S.C. §§ 1028A(a)(1) and 1028(c). The judgment should be corrected to reflect that Bricker was convicted of aggravated identity theft under 18 U.S.C. § 1028A(a)(1) and (c).

## IV.  Conclusion

For the foregoing reasons, we affirm Bricker's sentences but remand for the limited purpose of correcting the scrivener's error in the judgment.

**AFFIRMED and REMANDED.**