[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10793
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20719-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEWIS GORNITZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 2, 2016)

Before HULL, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Lewis Sanford Gornitz pled guilty to two counts of theft of government money, in violation of 18 U.S.C. § 641. He now appeals his 38-month sentence, on the grounds that the district court's upward variance from the 12-to-18 months Guidelines range was both substantively and procedurally unreasonable. Gornitz argues first that his sentence was procedurally unreasonable because the district court failed to provide an adequate explanation for what he describes as its "extraordinary" 20-month upward variance from the Sentencing Guidelines. Second, Gornitz asserts that his sentence is substantively unreasonable because the court's reasons were not sufficiently compelling to support the upward variance in sentencing. He contends that the court erred in weighing certain 18 U.S.C. § 3553(a) factors. In particular, Gornitz complains that the district court should have weighed his failure to pay any restitution before sentencing and his prior unscored grand-theft convictions less, and it should have weighed his gambling addiction and poor health more.

## I.    STANDARD OF REVIEW

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Alternatively, if a party failed to raise a timely objection to the reasonableness of the sentence in district court, we review the objection on appeal for plain error. *United States v. Shelton*, 400 F.3d 1325, 1328-29 (11th Cir. 2005).

Gornitz objected to the reasonableness of the district court's upward variance and resulting sentence, so we review the reasonableness of Gornitz's imposed sentence for an abuse of discretion. *Rosales-Bruno*, 789 F.3d at 1254.

## II.    DISCUSSION

*A. The District Court Adequately Explained its Variance from the Sentencing Guidelines.*

In reviewing whether a sentence is procedurally unreasonable, we determine whether the district court erred in calculating the Guidelines range, treated the Sentencing Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, Gornitz concedes that the district court both correctly calculated the Guidelines range and considered the factors outlined in § 3553(a). We likewise find no indication that the court treated the Guidelines as mandatory or based the sentence on clearly erroneous facts. Gornitz does argue, however, that his sentence is procedurally unreasonable on the grounds that the court did not adequately explain the upward variance of his 38-month sentence from the Guidelines range of 12 to 18 months.

The district court is charged with imposing a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2),

3

including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future crimes. *See* 18 U.S.C. § 3553(a)(2). The § 3553(a) factors, in addition to the § 3553(a)(2) purposes listed above, include the following: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the Sentencing Guidelines's range for the offense; (4) the Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities; and (6) the need to provide victims with restitution. 18 U.S.C. § 3553(a)(1)-(7).

When explaining the imposed sentence, the district court need not recite the specific Guidelines language or explicitly articulate its consideration of each § 3553(a) factor, "so long as the record reflects the court's consideration of many of those factors." *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010). Rather, the district court must "'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Id.* (quoting *Rita v. United Sates*, 551 U.S. 338, 356 (2007)).

The record here shows that the district court adequately explained Gornitz's sentence. The court specifically articulated the reasons behind its upward variance and discussed substantially all of the § 3553(a) factors. *Ghertler*, 605 F.3d at

4

1262. Indeed, after fully hearing arguments and Gornitz's allocution, the court stated that it had considered the Presentence Investigation Report, the character letter filed on Gornitz's behalf, the parties' arguments, the applicable guideline range, and the § 3553(a) factors. *Id.* In particular, the court made clear that it had considered the nature and circumstances of the offense; Gornitz's characteristics, including his past criminal history; his need for education, vocational training, and medical care; the need to provide restitution; and the policy goals of the Sentencing Guidelines, including the need to deter crime and the need to protect the public. 18 U.S.C. § 3553(a)(1)-(7). The court explained that it believed these factors, taken together, warranted an upward variance in sentencing, particularly to ensure achievement of the Guidelines's goal of deterring further criminal conduct, in light of Gornitz's prior recidivism.

Our jurisprudence does not require that a court recite specific Guidelines language or explicitly address each § 3553(a) factor in explaining its sentencing. *Ghertler*, 605 F.3d at 1262. The court here, though, did that and more, providing a clear and reasoned basis for the imposition of an upward variance. As a result, the record provides a more than adequate basis for us to conclude that the district court's sentence was procedurally reasonable.

### B. *Gornitz's Sentence Was Substantively Reasonable.*

After reviewing for procedural reasonableness, we proceed to the second step of *Gall*'s two-step inquiry and review the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. At this step, we examine "the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

If the court varied upward after weighing the § 3553(a) factors, its justification must be compelling enough to support the degree of the variance, and its reasoning must be complete enough to allow for meaningful appellate review. *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012); *see also Gall*, 552 U.S. at 50, 128 S. Ct. at 597 (holding that a major variance in sentencing requires "a more significant justification than a minor one"). We have held as a "major variance" a deviation of 42 percent, for which a sufficiently compelling justification was required. *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (*en banc*) (citing *United States v. Smith*, 573 F.3d 639, 660–61 & n. 5 (8th Cir. 2009) (reduction of 33 percent constituted a "major variance").

While a "sufficiently compelling" justification must exist, the Supreme Court has specifically rejected requiring either an "extraordinary" justification or the use of a "rigid mathematical formula" that correlates the strength of required

6

justification with the percentage of the departure.  *Gall*, 552 U.S. at 47. Additionally, we "may not presume that a sentence outside the Guidelines is unreasonable and must give 'due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'"  *Irey*, 612 F.3d at 1187 (quoting *Gall*, 552 U.S. at 51).

So we may vacate a sentence only if we firmly believe that the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Irey*, 612 F.3d at 1190 (quotation omitted).  A court's unjustified reliance upon any one factor to the exclusion of other factors indicates an unreasonable sentence.  *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).  Additionally, when "[m]any of the bases for the district court's sentence were already accounted for in calculating the Guidelines range and nothing extraordinary about the circumstances of th[e] case" exists, an upward variance may be substantively unreasonable.  *United States v. Valdes,* 500 F.3d 1291, 1293 n.2 (11th Cir.2007).

But we will not "set aside a sentence merely because we would have decided that another one is more appropriate."  *Irey*, 612 F.3d at 1191.  "[T]he sentencing court is permitted to attach 'great weight' to one factor over others," and the weight it attaches to any factor is "committed to [its] sound discretion."  *Rosales-*

*Bruno*, 789 F.3d at 1254 (quoting *Gall*, 552 U.S. at 57, and *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008)).  For example, we have explained that "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history."  *Id.* at 1263.  A sentence imposed well below the statutory maximum penalty is generally an indicator of a reasonable sentence.  *See United States v. Baldwin*, 774 F.3d 711, 732 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1882 (2015).   The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable "in light of the entire record, the § 3553(a) factors, and the substantial deference afforded to sentencing courts." *Rosales-Bruno*, 789 F.3d at 1256.

Gornitz has not met this burden. Gornitz argues that the district court improperly weighed the § 3553(a) factors by placing undue emphasis on his failure to pay any restitution before sentencing, weighing too heavily his prior unscored convictions that were 19 and 29 years old, and weighing too lightly his gambling addiction and poor health.  But the record indicates that the district court gave full consideration to the § 3553(a) factors and imposed a sentence within its permissible discretion.  *Gonzalez*, 550 F.3d at 1324; *Crisp*, 454 F.3d at 1292.

No evidence indicates that the court either relied solely on a single factor to the exclusion of others or that it improperly considered bases that had already been

8

taken into account in the Guidelines calculations to justify the upward variance. Gornitz himself acknowledges that the court accounted for his prior criminal history, failure to pay restitution, and prior career as a lawyer, at the least, in coming to its sentence, negating any argument that the court relied unjustifiably on a single factor alone. *Crisp*, 454 F.3d at 1292. The court recognized that because of the age of his convictions, Gornitz's prior criminal activity had not been taken into account in the guideline calculations, making this a factor that the district court could choose to consider in imposing an upward variance. *Rosales-Bruno*, 789 F.3d at 1254; *Valdes,* 500 F.3d at 1293 n.2.

Gornitz argues that the court imposed a sentence beyond what was necessary to adequately deter criminal conduct and achieve the purposes of the Guidelines. But the weight the court placed on each factor, whether great or slight, was fully within its discretion. *Rosales-Bruno*, 789 F.3d at 1254. The district court explicitly accounted for its weighting, noting that it believed the upward variance was necessary to achieve the Guidelines goals of ensuring restitution and preventing further criminal conduct in light of Gornitz's past criminal sentencing and recidivism. We accord this conclusion the substantial deference it is due and find the court's reasoning sufficiently compelling to support the imposed sentence.

Finally, we note that while the imposition of a 38-month sentence did constitute a major variance in this case, the sentence nonetheless falls well below

the statutory maximum penalty of 10 years' imprisonment under 18 U.S.C. § 641. *Baldwin*, 774 F.3d at 732.

The district court has provided a justification compelling enough to support the 20-month variance and reasoning complete enough to allow for meaningful appellate review. *Early*, 686 F.3d at 1221. We therefore affirm the sentence as both procedurally and substantively reasonable.

**AFFIRMED.**