[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13612

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DOMINIC JOHN TADDEO, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00053-RBD-LHP-1

_____

Before Newsom, Grant, and Tjoflat, Circuit Judges.

PER CURIAM:

Dominic John Taddeo, Jr. appeals his thirty-six-month sentence imposed after he pleaded guilty to one count of escaping from custody, in violation of 18 U.S.C. § 751(a). On appeal, Taddeo argues that the District Court: (1) procedurally erred when it departed upward from the sentencing guidelines, and (2) imposed a substantively unreasonable sentence.

In response, the Government asserts that the District Court did not procedurally err. Alternatively, it argues that even if the District Court erred, such error was harmless under *United States v. Keene*, 470 F.3d 1347 (11th Cir. 2006). Last, the Government contends that the District Court imposed a substantively reasonable sentence. We address each point in turn, and for the reasons stated below, we affirm Taddeo's sentence.

## I.

In April 2022, a federal grand jury charged Taddeo with one count of escaping from custody, in violation of 18 U.S.C. § 751(a). Taddeo pleaded guilty without a plea agreement. The magistrate judge then issued a Report and Recommendation ("R & R") and recommended that the District Court accept Taddeo's plea. With no objections from Taddeo and the Government, the District Court adopted the R & R and accepted Taddeo's guilty plea.

At Taddeo's sentencing hearing, the District Court adopted the factual statements and guideline applications contained in the Presentence Investigation Report ("PSR"), as neither Taddeo nor the Government objected to them. The PSR stated that Taddeo had been sentenced to twenty years' incarceration in 1992 for multiple felonies from an earlier prosecution. As to the current charge, the PSR explained that in February 2022, the Federal Bureau of Prisons ("BOP") transferred Taddeo to a residential reentry center ("RRC") to serve the remaining 361 days of his 1992 sentence. The next month, the BOP granted Taddeo a community pass to attend a medical appointment. When Taddeo did not return, an arrest warrant was issued. Six days later, the U.S. Marshals Service apprehended Taddeo in Miami with around $5,000 and a fake driver's license in the name of a deceased person.

The PSR first assigned Taddeo a base offense level of thirteen per U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 2P1.1 (U.S. Sent'g Comm'n 2021). It then reduced that by four levels under U.S.S.G. § 2P1.1(b)(3) because Taddeo escaped from a nonsecure facility. It subtracted another two levels for Taddeo's acceptance of responsibility under U.S.S.G. § 3E1.1(a). This resulted in a total offense level of seven.

The PSR also detailed Taddeo's decades of mob-related federal convictions, including a conviction under the Racketeer Influenced and Corrupt Organizations Act,[1] in which Taddeo murdered

---

[1] *See* 18 U.S.C. § 1961.

multiple rival faction members.  The PSR assigned Taddeo a sub-total criminal history score of three, which it increased by two points because he committed the instant offense while under a prior criminal sentence per U.S.S.G. § 4A1.1(d).  This resulted in a criminal history score of five and placed Taddeo in criminal history category III.

With a total offense level of seven and a criminal history category of III, the PSR calculated Taddeo's guideline range at four to ten months' incarceration.  And it noted that the max term of imprisonment for a violation of § 751(a) is five years.  However, the PSR also identified Taddeo's underrepresented criminal history as a factor that may warrant an upward departure or a sentence outside the guideline range.

Before sentencing, Taddeo objected to any upward departure based on an underrepresentation of his criminal history.  The Government did not object, but it moved for an upward departure based on U.S.S.G. § 4A1.3, or for an upward variance to a guideline range of thirty-three to forty-one months' incarceration.  The Government argued that Taddeo's criminal history was significantly underrepresented because Taddeo had not received criminal history points for most of his prior convictions, either due to their age or the consolidated nature of his various offenses.  It urged the District Court to first depart horizontally to a criminal history category of VI, and second, to depart vertically to an offense level of thirteen.

Taddeo opposed the Government's motion and argued that his criminal history was properly calculated because it was clear

that his prior offenses had aged out of the calculation.  He also asserted that the Government's requested sentence was excessive and disproportionate to sentences given to similarly situated defendants based on statistical information from 2021, which reported an average sentence of thirteen months for escape offenders.

Following its adoption of the factual statements and guideline applications in the PSR, the District Court addressed the Government's motion.  Both parties presented arguments, and the District Court granted the Government's motion for an upward departure based on U.S.S.G. § 4A1.3.  The District Court found that Taddeo's criminal history was "grossly underrepresented" by the guideline calculations and that Taddeo's criminal history was greater than the max category VI.  It also agreed with the Government's suggested calculation method: first moving horizontally from criminal history category III to category VI, and then moving vertically down to an offense level of thirteen.  It found that this calculation produced a guideline range of thirty-three to forty-one months' incarceration.  The District Court did not discuss the intervening criminal history categories or offense levels, nor did it explicitly analyze the sufficiency of the guideline ranges such departures would have produced.

The District Court then discussed Taddeo's prior criminal activities and noted that those activities had occurred some time ago. It emphasized that Taddeo had a chance to show that the sentence had its intended effect of changing his criminal behavior,

promoting respect for the law, and giving the public comfort that he had been redeemed or rehabilitated. Instead, the District Court found that Taddeo wasted that chance by escaping the RRC and remaining at large for six days.

The District Court also determined that the § 3553(a) factors warranted a sentence of thirty-three to forty-one months because of: (1) Taddeo's demonstrated lack of respect for the law, (2) the need for a just sentence and one that would adequately protect the public, and (3) Taddeo's criminal history and characteristics under § 3553. In granting the Government's motion, the District Court specified that "in the event the departure was not the appropriate methodology, . . . a variance under [§] 3553 . . . [was] appropriate. And the sentence range would have been the same."

The District Court sentenced Taddeo to thirty-six months' incarceration, followed by a one-year term of supervised release, to be served consecutively to the rest of his prior sentence. The District Court explained that it had considered the PSR, Taddeo's sentencing memorandum, the Government's motion, the parties' arguments, all the advisory sentencing guidelines, and all the factors in § 3553(a)—regardless of whether it "specifically mentioned them in [its] oral statement." After the District Court allowed the parties to object, Taddeo's attorney stated: "Based on the objections that we entered during the hearing, . . . we'd object to the procedural and substantive reasonableness of the sentence."

On October 24, 2022, the District Court entered its judgment. The same day, the District Court issued a written statement

of reasons that clarified that it would have issued the same sentence with or without the upward departure.  One day later, Taddeo appealed.

## II.

"Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion." *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016) (per curiam).  Normally, "[w]e first look to whether the district court committed any significant procedural error . . . . [and t]hen, we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors." *Id*. at 936 (citations omitted).  "Where a defendant fails to clearly state the grounds for an objection in the district court, however, he waives the objection on appeal and we are limited to reviewing for plain error." *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003).

We can avoid remanding a district court's sentence based on a misapplication of a guidelines provision if a district court states that the resolution of that issue "does not matter to the sentence imposed after the § 3553(a) factors are considered." *Keene*, 470 F.3d at 1349.  When that occurs, we may decline to review the disputed procedural issue and, instead, affirm if "the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." *Id*.  In determining whether a sentence is reasonable, we "assume that there was a guidelines error—that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly—and then ask whether the

8                    Opinion of the Court                    22-13612

final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." *Id.* Our review is deferential, "and the burden is on the defendant to prove that his sentence is unreasonable in light of the record and § 3553(a)." *Id.* at 1350.

## III.

### A.

We first address Taddeo's procedural error argument.[2] *See Trailer*, 827 F.3d at 935–36. Taddeo contends that the District Court failed to expressly consider the intermediary criminal history categories between the original category of III and the ultimate category of VI.

Here, it is undisputed that the District Court made a *Keene* statement when it explained that it would have imposed the same sentence even without the challenged guidelines calculation. *See Keene*, 470 F.3d at 1348. So we will assume that the District Court procedurally erred by failing to "explicitly consider the *next* criminal history category and make a determination as to whether that new range [was] appropriate." *United States v. Valdes*, 500 F.3d 1291, 1292 n.1 (11th Cir. 2007) (per curiam). "The question then is whether the [thirty-six-month] sentence the court imposed is reasonable, assuming exactly the same conduct and other

---

[2] Because we decide that the District Court made a *Keene* statement and assume that the District Court made a procedural error, it is irrelevant whether Taddeo preserved that issue. Stated differently, whether we review the District Court's ruling for an abuse of discretion or plain error results in the same conclusion.

factors in the case, but using an advisory guidelines range of [four] to [ten] months." *Keene*, 470 F.3d at 1350. As explained below, Taddeo's sentence is substantively reasonable. Thus, any purported procedural error was harmless. *See id.* at 1349.

### B.

Next, we review the substantive reasonableness of Taddeo's sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007); *Trailer*, 827 F.3d at 936. Taddeo argues that the District Court abused its discretion and imposed a substantively unreasonable sentence because it (1) overlooked relevant § 3553(a) factors—specifically the guidelines sentencing range and the need to avoid unwarranted sentencing disparities—and (2) unreasonably focused on Taddeo's prior criminal history.

When reviewing a sentencing decision for an abuse of discretion, "we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors." *Trailer*, 827 F.3d at 936. A district court "shall impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." 18 U.S.C. § 3553(a). A district court "imposes a substantively unreasonable sentence only 'when it (1) fails to afford consideration to [the] relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015)

(quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)).[3]

"The decision about how much weight to assign a particular sentencing factor is 'committed to the sound discretion of the district court.'" *Id.* at 1254 (quoting *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curiam)). And it may attach "great weight" to one factor over others. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (quoting *Gall*, 552 U.S. at 57, 128 S. Ct. at 600). "The district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021) (per curiam). Instead, "[a]n acknowledgment [that] the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

> Ultimately, we may only vacate a defendant's sentence "if we are left with the definite and firm

---

[3] Those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from the defendant's further crimes, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the sentencing guidelines' recommended range; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1)–(7).

> conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."

*United States v. Carpenter*, 803 F.3d 1224, 1234 (11th Cir. 2015) (quoting *United States v. McBride*, 511 F.3d 1293, 1297–98 (11th Cir. 2007) (per curiam)).

Taddeo preserved his challenge to the substantive reasonableness of the sentence by seeking a lower, within-range sentence. *See Holguin Hernandez v. United States*, 140 S. Ct. 762, 766–67, 206 L. Ed. 2d 95 (2020) (explaining that a request for a lower sentence than the one received sufficiently preserves a substantive reasonableness objection). Still, our review confirms that Taddeo's sentence was *not* substantively unreasonable under either the original guideline range or the guideline range reached by the District Court's departure.

To begin, Taddeo's sentence is well below the statutory-maximum sentence of five years, which "is an indicator of a reasonable sentence." *United States v. Stanley*, 739 F.3d 633, 636 (11th Cir. 2014). Further, contrary to Taddeo's assertion, the District Court considered the relevant § 3553(a) factors, and, in weighing those factors, arrived at a sentence within the range of reasonable sentences dictated by the facts here. For example, the District Court explained why certain factors—i.e., Taddeo's serious criminal history, his lack of respect for the law, the need to protect the

public, and the need for a just sentence—merited the sentence imposed. To be sure, the District Court did not explicitly reference Taddeo's disparity argument. But it satisfied its burden by indicating that it had considered Taddeo's arguments [*id.* **at 27:3–5**] and all the relevant § 3553(a) factors, even if it did not specifically mention them.[4] *See Gonzalez*, 550 F.3d at 1324.

Nor can we say that the District Court unreasonably focused on Taddeo's criminal history. Although his criminal history is serious, the sticking point for the District Court was that Taddeo chose to escape the RRC after serving nearly twenty years in prison. In the District Court's view, Taddeo wasted his opportunity to show that the sentence imposed had its intended effect of changing his criminal behavior. Instead, he proved that he could

---

[4] Even if the District Court had not met its burden, Taddeo failed to provide sufficient information regarding his disparity argument to determine whether other defendants were "similarly situated." *See United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). True, Taddeo's sentencing memorandum provides statistical information showing that the average sentence for escape offenders—with criminal history categories of III or greater—is thirteen months. "A well-founded claim of disparity, however, assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quoting *United States v. Mateo-Espejo*, 426 F.3d 508, 514 (1st Cir. 2005)). The defendant has the burden of showing specific facts that establish a similar situation. *See United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015). Courts "need[] to have more than the crime of conviction and the total length of the sentences to evaluate alleged disparities. The underlying facts of the crime and *all of the individual characteristics are relevant*." *Id.* (emphasis added). Taddeo did not show whether his sentence was disparate compared to sentences given to escapees with similar extensive criminal histories.

not be trusted with freedom for even a few hours.  Thus, the District Court reasonably concluded that a thirty-six-month sentence was warranted under the § 3553(a) factors.

Taddeo may disagree with the weighing of the relevant sentencing factors.  But "[w]e do not reweigh relevant factors nor do we remand for re-sentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of a reasonable sentence." *United States v. Langston,* 590 F.3d 1226, 1237 (11th Cir. 2009).  That did not occur here.  After considering the advisory-guidelines range, the PSR, Taddeo's submitted materials and allocution, the parties' arguments, and the § 3553(a) factors, the District Court determined that a thirty-six-month sentence was "sufficient but not greater than necessary to achieve the statutory purposes of sentencing."  We do not have a "definite and firm conviction that it was substantively unreasonable, a clear error in judgment, [or] an abuse of discretion, for the district court to conclude to the contrary." *Irey,* 612 F.3d at 1222.

## IV.

Accordingly, even if Taddeo's guideline departure argument has merit and we focus only on the original guideline range of four to ten months, we still conclude that his sentence is substantively reasonable.  Therefore, we affirm.

**AFFIRMED.**